IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL LOUTZENHISER,                          No. C-11-2925 TEH (PR)

        Plaintiff,                       ORDER OF SERVICE

    v.

R. GROUNDS, et. al.,

        Defendants.

_____/

        Plaintiff, a prisoner presently housed at the Correctional Training Facility ("CTF-Soledad") in Soledad, California, filed a pro se civil rights action under 42 U.S.C. § 1983, and the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). This action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

I

        Plaintiff alleges the following in his complaint: Plaintiff is a disabled individual who requires accommodation under the ADA for disabilities pertaining to his damaged lower right leg, and related lower back, hip and leg pain.  Doc. 1 at 5.  In 2004,

Plaintiff filed a civil suit against the California Department of Corrections and Rehabilitation ("CDCR") and California State Prison - Solano's Medical Department regarding accommodation of his disability. The suit was settled and Plaintiff states that he received verbal reassurances that his disability would be accommodated. Plaintiff also alleges that he suffers from allergies to wool, acrylic and dust, and that he had been issued a CDCR Form 7410 comprehensive accommodation chrono entitling him to cotton bedding.

In January 2011, defendants D. Bright and L. Fox allegedly revoked Plaintiff's Americans with Disabilities Act / Disability Program placement status, refused to provide him with footwear that accommodated his disability, denied him cotton bedding, and removed his cane, all without justification. Doc. #1 at 5-7. Without corrective footwear and a cane, Plaintiff is unable to access certain prison facilities, including but not limited to the yard, cafeteria, religious services, laundry, and law library, without causing himself physical pain and suffering. Plaintiff alleges that defendants' actions constituted deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and constitute discrimination in violation of the ADA.

II.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

2

In its review the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2).

## A.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable

3

steps to abate it.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Liberally construed, Plaintiff's allegations of deliberate indifference to his serious medical needs appear to state a cognizable 42 U.S.C. § 1983 claim with respect to defendants D. Bright and L. Fox.  Plaintiff, however, makes no allegations that named defendants Warden R. Grounds, CME M. Sepulveda, CEO G. Ellis, Chief IAB A. Foston, and Appeals Examiner K.J. Allen proximately caused the deprivation of his federally-protected right.  The Eighth Amendment claims against these defendants shall be DISMISSED.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff's Eighth Amendment claims shall proceed against named defendants D. Bright and L. Fox.

### B.

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated

4

against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Although Section 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."  28 C.F.R. § 35.130(b)(7).  The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich v. Los Angeles County MTA, 114 F.3d 976, 979 (9th Cir. 1997).

   The problem with Plaintiff's complaint as to the ADA claim is that he has not named a proper defendant.  All of the named defendants appear to be individuals who either evaluated Loutzenhiser's medical needs or processed his inmate appeals. However, individuals cannot be sued directly under the ADA.  See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress for discrimination by a 'public entity.'  See 42 U.S.C. § 12132.  That term, as it is defined within the statute, does not include individuals.  See 42 U.S.C. § 12131(1)."); see also Vinson, 288 F.3d at 1156.  Therefore,

5

Plaintiff's ADA claim against the named defendants is DISMISSED.

Here, the "public entity" that allegedly discriminated against Loutzenhiser would have been CTF-Soledad or the California Department of Corrections and Rehabilitation("CDCR") or both.  State correctional facilities are "public entities" within the meaning of the ADA.  See 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998).  If Plaintiff wants to pursue an ADA claim against these public entities, he must file an amendment to his complaint adding them as defendants.

### III

For the foregoing reasons and for good cause shown:

1.   The complaint, liberally construed, states a claim for relief under the ADA but has not identified any proper defendants.  The ADA claims against the named defendants are DISMISSED.  If Plaintiff wishes to pursue his ADA claim, he may file an amendment to his complaint no later than March 1, 2012, in which he adds CTF-Soledad and/or the California Department of Corrections as defendants.  Plaintiff's amendment shall be titled "Amendment to the Complaint."

2.   The complaint, liberally construed, states a claim for relief under the Eighth Amendment and Section 1983 against defendants D. Bright and L. Fox.  The remaining named defendants are dismissed from this action.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and all attachments thereto

and copies of this order on D. Bright and L. Fox, both of whom are prison officials at CTF-Soledad.  The Clerk also shall serve a copy of this order on Plaintiff.

      3.   To expedite the resolution of this case, the Court orders as follows:

      a.   No later than ninety (90) days from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the Court prior to the date his motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon Defendants no later than thirty (30) days after Defendants serve Plaintiff with the motion.

      c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for

summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

     Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the Defendant in his  motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

        d.   Defendants shall file a reply brief within fifteen (15) days of the date on which Plaintiff serves them with the opposition.

        e.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion

unless the court so orders at a later date.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED    _02/07/2012_    _____
**THELTON E. HENDERSON
United States District Judge**

G:\PRO-SE\TEH\CR.11\Loutzenhiser-11-2925-osc.wpd