IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOUTZENHISER,<br><br>    Plaintiff,<br><br>  v.<br><br>R. GROUNDS, et al.,<br><br>    Defendants.<br>_____/ | No. C-11-2925 TEH (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF SECOND AMENDED COMPLAINT AND DEFENDANTS' MOTION TO SCREEN SECOND AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A AND TO CHANGE TIME TO FILE DISPOSITIVE MOTION<br><br>Doc. nos. 30, 31 |

I

Plaintiff, a prisoner presently housed at the Correctional Training Facility (CTF-Soledad) in Soledad, California, filed a pro se civil rights action under 42 U.S.C. § 1983, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA). The Court previously screened Plaintiff's complaint and Plaintiff filed a First Amended Complaint (FAC). Doc. #8. The Court reviewed the FAC and found that, liberally construed, Plaintiff's allegations stated a cognizable 42 U.S.C. § 1983 claim of deliberate indifference to his serious medical needs with respect to Defendants D. Bright and L. Fox, and a cognizable ADA claim against Defendants CDCR and CTF-Soledad Medical. Doc. #9. Defendants filed a motion to dismiss the FAC. Doc. #20. On August 1, 2013, the Court issued an Order Granting in Part and Denying in Part the

1  Motion to Dismiss. Doc. #28. The Court granted leave for
2  Plaintiff to file a Second Amended Complaint (SAC) to remedy
3  the deficiencies noted in the Court's Order and, to add a
4  state law claim for breach of the settlement agreement reached
5  in Loutzenhiser v. Traquina, case number S-04-1937 LKK PAN.
6  On August 28, 2013, Plaintiff filed a SAC and a motion for
7  Judicial Notice of the SAC, doc. ## 29 and 30, and, on
8  September 11, 2013, Defendants filed their motion to screen
9  the SAC, doc. # 31.
10      Having considered all the papers filed by the
11 parties, the Court grants Plaintiff's motion for judicial
12 notice and Defendants' motion to screen the complaint and to
13 change the time to file a dispositive motion.

II

15      Federal courts must engage in a preliminary screening of
16 cases in which prisoners seek redress from a governmental entity or
17 officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
18 The court must identify cognizable claims or dismiss the complaint,
19 or any portion of the complaint, if the complaint "is frivolous,
20 malicious, or fails to state a claim upon which relief may be
21 granted," or "seeks monetary relief from a defendant who is immune
22 from such relief." Id. § 1915A(b). Pleadings filed by pro se
23 litigants, however, must be liberally construed. Hebbe v. Pliler,
24 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police
25 Dep't., 901 F.2d 696, 699 (9th Cir. 1990).
26      In its Order pertaining to Defendants' motion to dismiss, the

2

1  Court found that the following claims withstood Defendants' motion:
2  (1) Plaintiff's Eighth Amendment claim against Defendants Dr. D.
3  Bright and R.N. L. Fox based on their denial to Plaintiff of a cane
4  and delay in providing orthotics; and (2) Plaintiff's Americans with
5  Disabilities (ADA) claim against the California Department of
6  Corrections and Rehabilitation (CDCR) and the Correctional Training
7  Facility (CTF)-Soledad Medical based on their denial to Plaintiff of
8  a cane and delay in providing orthotics which caused Plaintiff to be
9  excluded from prison programs.
10         In his SAC, Plaintiff does not attempt to correct the
11  deficiencies noted by the Court in regard to the claims it dismissed
12  with leave to amend.  Therefore, those claims are now dismissed from
13  this action.
14         In his SAC, Plaintiff adds a breach of contract claim
15  based on the settlement agreement he reached with CDCR in
16  <u>Loutzenhiser v. Traquina</u> in which the CDCR agreed to provide
17  Plaintiff with "two working appliances" at all times, a cane and
18  pain management medication and verbally assured him that he would
19  remain on the ADA Disability Placement Program (DPP).  The
20  allegations that Plaintiff was denied that which the CDCR agreed to
21  provide to him in the settlement agreement states a cognizable
22  breach of contract claim.  However, Plaintiff asserts this claim
23  against Dr. Bright and R.N. Fox instead of the party who, according
24  to his allegations, signed the settlement agreement.  If, as
25  Plaintiff alleges, the CDCR signed the settlement agreement, the
26  CDCR is the party against whom Plaintiff must assert this claim.
27
28                                  3

However, it would be an inefficient use of resources to require Plaintiff to file yet another amended complaint to assert the breach of contract claim against the CDCR. Because the CDCR is already a party to this action, it would cause no prejudice if this claim is construed as being asserted against the CDCR as well as Dr. Bright and R.N. Fox.

In summary, the Court finds that Plaintiff has alleged a cognizable breach of contract claim against the CDCR, Dr. Bright and R.N. Fox in addition to the cognizable previously discussed in this Order.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for "judicial notice" is granted. Doc. #30.

2. Defendants' motion to screen the SAC and change the time for dispositive motion is granted. Doc. #31.

3. Plaintiff has stated the following cognizable claims: (1) an Eighth Amendment claim against Dr. Bright and R.N. Fox; (2) an ADA claim against the CDCR and the CTF-Soledad Medical; and (3) a breach of contract claim against the CDCR, Dr. Bright and R.N. Fox.

4. Defendants' dispositive motion is due sixty (60) days from the date of this Order.

   a. A motion for summary judgment must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the

4

motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  If Defendants decide that these claims cannot be resolved through such a motion, they shall inform the Court within fourteen (14) days from the date of this Order.  In any event, if Defendants conclude that the resolution of these claims may benefit from settlement proceedings, they shall so inform the Court and the Court shall refer the parties to a Magistrate Judge for a settlement conference.

        b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than twenty-eight (28) days after the motion is served and filed.

        c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or

5

authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63 (App. A).

(The Rand notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  Woods, 684 F.3d at 935.)

d. Defendants must serve and file a reply to an opposition not more than fourteen (14) days after the opposition is served and filed.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's counsel.

7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

8. This Order terminates docket numbers 30 and 31.

IT IS SO ORDERED.

DATED  *10/04/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Loutzenhiser-11-2925-SAC IR.wpd

7